Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Local Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Mark AUSSIEKER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**OMID AGHAZADEH d/b/a "GOLDEN CAPITAL HOLDINGS"**<br><br>*Defendant.* | Case No. 2:25-cv-00888-TLN-AC<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S "MOTION TO QUASH SERVICE OF PROCESS" (ECF NO. 10)** |

**INTRODUCTION**

The Defendant's "Motion to Quash Service of Process" should be denied because the Plaintiff properly effected service of process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Though the Defendant did not specifically argue this in his motion, to the extent the Court construes his motion as a motion to dismiss the complaint for insufficient service of process under Rule 12(b)(5), the Plaintiff would oppose that motion as Rule 4(e) was complied with. There is no other basis for which the Court should "quash" process in this action. It should be allowed to proceed.

## FACTUAL BACKGROUND

On March 29, 2025, process server Adela Velasquez arrived at the Defendant's residence of 18665 Horace Street, Porter Ranch, California and observed that movers were there clearing the house. She approached the open front door while calling out the Defendant's name. She observed a man, approximately 45-54 years old, 160 to 180 pounds, between 5'6" and 5'9," wearing a blue baseball cap. This, however, was not Ms. Velasquez' first interaction with the Defendant. Ms. Velasquez recognized the individual as the same person who she had previously attempted to serve on March 23, 2025. As described below, during that previous attempt, she had taken a photograph of the individual, who denied that he was the Defendant. However, when the process server compared that photo to the Defendant's face depicted on his posts visible on his public Instagram account, it appeared to be the same person.

Therefore, having encountered the same individual at 9:44 a.m. on March 29, Ms. Velasquez identified the Defendant, described the documents she was serving and advised the Defendant she was placing the documents down. She then left them on his front stoop in a conspicuous place. Such actions unquestionably constitute valid service of process under both the Federal Rules and California law.

## LEGAL STANDARD

A Rule 12(b)(5) motion challenges the sufficiency of the service of process. When service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F. 3d 798, 801 (9th Cir. 2004). Courts favor resolving cases on the merits and will often permit plaintiffs to cure defects in service rather than dismissing the case outright. *See id.*

**ARGUMENT**

1. <u>The Plaintiff Effected Proper Service of the Defendant Under Rule 4(e)</u>

The Defendant was properly served. Federal Rule of Civil Procedure 4(e) allows service by: 1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or 2) doing any of the following: A) delivering a copy of the summons and of the complaint to the individual personally; B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Moreover, Clifornia Code of Civil Procedure §415.10 allows for personal service by delivering a copy of the summons and the complaint to the person to be served.

Here, Rule 4(e)(2)(A) was complied with because the Defendant was personally served, despite his uncooperative behavior and attempts to evade service. Importantly, "delivery" contemplated within the meaning of Rule 4(e)(2)(A) does *not* require delivery into a Defendant's hands, as in circumstances, such as here, where such delivery is actively avoided or would result in the potential for violence of physical harm to the process server. In *Khourie v. Sabek*, the Court stated, "it is established that a defendant will not be permitted to defeat service by rendering physical service impossible." 220 Cal.App.Ct. 3d 1009, at 1013 (1990). The facts of this case bear substantial similarity to those in *In re Application of Ball*, 2 Cal.App.Ct. 2d, 578 (1934). In that case, the process server, who had served the defendant at same address on a prior occasion, approached the defendant and told him he had "another one of those things for you." *Id*. At 578-579. The defendant stated "you have nothing for me" and walked away from the server. *Id*. At 579. The server then "handed or tossed" the documents to the defendant. *Id*. The

defendant continued to move away, the documents fell to the ground a few feet from where he was positioned and the server stated, "now you've been served." *Id*. The defendant did not pick up the documents and continued to move from the location. *Id.* The court held that personal service was made and stated, "we take it that when men are within easy speaking distance of each other and facts occur that would convince a reasonable man that personal service of a legal document is being attempted, service cannot be avoided by denying service and moving away without consenting to take the document in hand." *Id.*

Like the process server in *Ball* who recognized the defendant, here Ms. Velasquez recognized this Defendant from her previous encounter with him at the same address and from his public Instagram account. Ms. Velasquez outlined her previous attempt at the Defendant's address on March 23, 2025 on a portal for the Plaintiff's process serving company:

**Attempt #2** — Unsuccessful

**ADDRESS**
18665 Horace Street
Porter Ranch, CA 91326

**GEOLOCATION**
34.269685, -118.537994

**DATE**
3/23/2025 5:33 PM

**SERVICE TYPE**
Unsuccessful

**SERVED DOCUMENTS**
None

**Bad Address**

**PHOTO**

**DESCRIPTION OF ATTEMPT**
While leaving premises, male resident opened door. The name is unknown. Not recognized. Attempt to ask two neighbors. No answer.

**PHYSICAL DESCRIPTION**
N/A

Critically here, the photo that Ms. Velazquez attached to her description of the unsuccessful service attempt depict the Defendant, despite his protest that he did not know the Defendant, as is visible from photos on the Defendant's public Instagram profile:






*See generally Omid Aghazadeh* (@redhour), INSTAGRAM, https://www.instagram.com/redhour/

On the day of service, March 29, 2025, Ms. Velasquez identified the Defendant again based on her prior interaction with the Defendant and review of the Defendant's Instagram profile. She offered to deliver the documents to the Defendant, who refused, so she advised him she was placing the documents down. Like the defendant in *Ball* who refused to accept service and moved away, the Defendant refused to accept service and did not respond to Ms. Velasquez. Additionally, like in *Ball* where the documents were dropped, the documents were placed outside the Defendant's front door in a conspicuous place. Therefore, despite the Defendant's efforts and behavior in refusing service, he was still personally served by Ms. Velasquez.

Furthermore, the two cases the defendant relies on in his motion are misplaced. First, *Evart v. Superior Court* discussed whether, under state law, substitute abode service on the defendant was valid and it concluded it was not because there was not reasonable diligence as required by the state statute to effect personal service. 89 Cal.App.Ct. 3d, 89 (1979). Here, substitute service was not necessary, because the Defendant was personally served. The second case the Defendant cites, *Khourie, Crew & Jaeger v. Sabek, Inc.,* discussed service on a corporation, and held that service was effective under California Code of Civil Procedure § 415.20, when a summons was given to the apparent person in charge during usual office hours and a copy of the summons and complaint were sent by mail. 220 Cal.App.Ct 3d, 220 (1990). Since the Defendant is an individual, and not a corporation, CCP § 415.20, does not apply. Regardless, as stated, the Defendant was served personally pursuant to Rule 4(e)(2)(A).

2. <u>Even if Service Were Defective, Dismissal is Not Warranted.</u>

If the Court finds that service was defective, dismissal is not warranted. Under Rule 4(m), the court must extend the time for service if the plaintiff shows good cause. Courts also have discretion to allow additional time even without good cause. See *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Here, Plaintiff acted diligently and in good faith. There is no prejudice to the Defendant, who has actual notice of the action. Thus, equity favors allowing plaintiff to cure the defect and serve the Defendant.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Quash Service of Process should be denied and the case proceed to adjudication on the merits. Alternatively, to the extent that the Court finds that service was not proper, the Court should permit the Plaintiff to attempt to re-serve the Defendant.

Dated: May 5, 2025

                                        *s/Andrew Roman Perrong*
                                        Andrew Roman Perrong
                                        (*Pro Hac Vice*)
                                        a@perronglaw.com
                                        Perrong Law LLC
                                        2657 Mount Carmel Avenue
                                        Glenside, PA 19038
                                        215-225-5529
                                        Lead Attorney for Plaintiff and the Proposed Class

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Omid Aghazadeh
9250 Reseda Blvd Unit 10049[1]
Northridge, CA 91324
Tracking Number: 00310903331480001358

and

Omid Aghazadeh
18665 Horace Street
Porter Ranch, CA 91326
Tracking Number: 00310903331480001359

Dated: May 5, 2025

             *s/Andrew Roman Perrong*
             Andrew Roman Perrong
             (*Pro Hac Vice*)
             a@perronglaw.com
             Perrong Law LLC
             2657 Mount Carmel Avenue
             Glenside, PA 19038
             215-225-5529
             Lead Attorney for Plaintiff and the Proposed Class

---

[1] This does not appear to be Mr. Aghazadeh's residential address but is rather a strip mall address containing a shipping/virtual post office box service similar to a UPS store that has mailboxes for rent.