UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Omid Aghazadeh,
Defendant,

v.

Mark Aussieker,
Plaintiff.

Case No. 2:25-cv-00888 TLN AC

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE

Defendant Omid Aghazadeh, appearing pro se, respectfully submits this reply to Plaintiff's opposition to the Motion to Quash Service of Process. Plaintiff's arguments fail to demonstrate valid service under Rule 4 of the Federal Rules of Civil Procedure or California substitute service standards.

**I. Plaintiff's Identification Theory Is Insufficient**

Plaintiff asserts that the process server identified the defendant based on prior attempts and social media photographs. This argument fails for several reasons:

- The March 23 service attempt explicitly states "name unknown," contradicting any claim of prior recognition.

- No verbal confirmation, interaction, or acknowledgment occurred.

- Leaving documents outside a residence without direct hand-off or proper substitute service procedures does not meet the requirements of personal service under Rule 4(e).

Facial recognition and social media comparisons are insufficient to establish identity for service of process purposes, especially in the absence of communication or acceptance of documents.

1

**II. Substitute Service Requirements Were Not Met**

Plaintiff's affidavit fails to demonstrate any mailing of the summons and complaint, which is mandatory under California Code of Civil Procedure § 415.20 when personal service is not completed. The documents were not left with a competent household member, nor was any mailing performed, rendering any claim of substitute service invalid.

**III. Defendant Has Not Evaded Service**

Defendant has made timely appearances and filed this motion in good faith. There is no evidence of evasive conduct. Rather, the plaintiff's process server made minimal effort and failed to meet basic procedural obligations.

**IV. Plaintiff's Request for Extension Should Be Denied**

Plaintiff's opposition includes a vague request to allow additional time to serve under Rule 4(m). No formal motion was filed, and no showing of good cause has been made. The plaintiff had 90 days from the date of filing and failed to diligently attempt proper service. The request should be denied.

**V. Plaintiff's Photo Evidence Is Misleading and Not From Date of Service**

Plaintiff relies on a photograph to support their assertion that the process server recognized the defendant. However, this photo was taken on March 23, 2025, not on March 29—the date Plaintiff claims service was completed. In fact, Plaintiff's own record from March 23 describes the attempt as unsuccessful and explicitly states, "**name is unknown**" and "**not recognized.**"

Despite this, Plaintiff attempts to rely on that photo to justify service on March 29, for which no photo or direct interaction has been provided. This renders the photographic evidence irrelevant to the actual service event and underscores that no valid personal service took place on March 29.

Plaintiff offers no photograph or affidavit from March 29 confirming identity, communication, or document hand-off. This contradiction in their filings undermines the credibility of their claims and further supports Defendant's position that no valid service occurred under Rule 4(e).

Accordingly, Defendant respectfully requests that the Court grant the Motion to Quash for lack of valid service.

Dated: May 13, 2025

Respectfully submitted,

/s/ Omid Aghazadeh
_____

Omid Aghazadeh
Pro Se Defendant