UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of all others similarly situated, | No. 2:25-cv-0888 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| OMID AGHAZADEH, an individual doing business as GOLDEN CAPITALHOLDINGS, | |
| Defendant. | |

This case came before the court on May 28, 2025, for hearing on defendant's motion to quash service (ECF No. 10). Defendant appeared in pro se,[1] and attorney Andrew Perrong appeared on behalf of plaintiff. ECF No. 17. At the hearing, plaintiff was granted leave to make an oral motion for alternative service. Id. Both motions are decided below.

**I.   Background**

Plaintiff filed this putative class action seeking relief for violations of the Telephone Consumer Protection Act (TCPA) on March 18, 2025. ECF No. 1. Proof of service was filed on April 1, 2025. ECF No. 7. The affidavit of service, executed under penalty of perjury, states in

---

[1] The case is referred to the undersigned pursuant to Local Rule 302(c)(21).

1

pertinent part as follows:

> I [the process server] served the following documents to Omid Aghazadeh in Los Angeles County, CA on March 29, 2025 at 9:44 am at 18665 Horace Street, Porter Ranch, CA 91326 by refusal service by identifying the following documents, offering to deliver them to a person identified to me as Omid Aghazadeh who refused service, and then leaving the documents in a conspicuous place.
>
> Summons In A Civil Case, Civil Cover Sheet, Return Of Service, Class Action Complaint

Defendant Omid Aghazadeh appeared and made a motion to participate in e-filing on April 7, 2025. ECF No. 8. That motion was granted on April 22, 2025.

## II.   Motion

On April 18, 2025, defendant filed the instant motion to quash service of process, arguing that service was defective under Fed. R. Civ. P. 4. ECF No. 10 at 1. Defendant alleges that a process server left a packet of legal documents on the doorstep of his former residence while he was in the process of moving, without seeing, speaking to, or identifying him. Id. at 1. Defendant provides a declaration which asserts under penalty of perjury that on March 29, 2025, he was not present at the residence where the service documents were left. Id. at 5.

In opposition (ECF No. 13), plaintiff argues that service was effective under Rule 4(e)(2)(A) because defendant was personally served, even though he refused to physically accept delivery. Plaintiff contends that defendant has attempted to evade service. He provides the following additional information regarding the history of service efforts. The process server, Ms. Velasquez, first attempted service at defendant's address on March 23, 2025. ECF No. 13 at 4. In her report on that date, Velasquez wrote "While leaving premises, male resident opened door. The name is unknown. Not recognized. Attempt to ask two neighbors. No answer." Id. Velasquez attached a photo she had taken of the open door with the male occupant clearly visible. Id. at 5. Velasquez subsequently compared the photo from March 23 with photos on defendant's social medial profile, and concluded that the individual had in fact been defendant.[2] Velasquez attempted service again on March 29, 2025. Id. at 6. An individual answered the door, refused

---

[2] Plaintiff's opposition to the motion includes the photographs. Id. at 5. The individual pictured does appear to be the same person.

2

service, and denied that he was defendant. Velasquez identified this individual as the same person who had been present at the residence on the 23rd and whom she had identified as defendant from the social media pictures. When he refused to accept the documents, Velasquez advised him that she was placing the documents down. She left the documents on the front stoop of the house. Id. On this factual basis, plaintiff argues that service was legally effective. In the alternative, should the court conclude otherwise, plaintiff seeks additional time to complete service pursuant to Rule 4(m), Fed. R. Civ. P. Id. at 7.

In reply (ECF No. 15), defendant denies evading service. He argues that plaintiff's "identification theory" is insufficient and that plaintiff's evidence does not prove that he was the person present at the residence on March 29, 2025.

### III.     Standards

The court construes plaintiff's motion as one brought pursuant to Fed. R. Civ. P. 12(b)(5). A Rule 12(b)(5) motion challenges the sufficiency of the service of process. When service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. Brockmeyer v. May, 383 F. 3d 798, 801 (9th Cir. 2004). "If the plaintiff is unable to satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process." Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

"A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007). "Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." Wells Fargo Bank NA v. Kuhn, No. CV 13-7913-GAF (FFMx), 2014 WL 12560870, at *2, (LEXIS CITE) (C.D. Cal. July 23, 2014) (internal quotation marks and citation omitted). The burden then shifts back to plaintiff "to produce evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve." Id. (internal citation and quotation marks omitted).

1       Rule 4 of the Federal Rules of Civil Procedure allows service on an individual within a
2  judicial district of the United States by the methods outlined in the rule itself, as well as by the
3  methods permitted under the laws of the forum state and the state in which service is attempted
4  (in this case, both California).  Federal Rule of Civil Procedure 4(e)(2) allows service by "doing
5  any of the following: A) delivering a copy of the summons and of the complaint to the individual
6  personally; B) leaving a copy of each at the individual's dwelling or usual place of abode with
7  someone of suitable age and discretion who resides there; or C) delivering a copy of each to an
8  agent authorized by appointment or by law to receive service of process."  Additionally,
9  California Code of Civil Procedure §415.10 allows for personal service by delivering a copy of
10 the summons and the complaint to the person to be served.  The Ninth Circuit has held that
11 "[s]ufficient service may be found where there is a good faith effort to comply with the
12 requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint
13 within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only
14 prevented by the defendant's knowing and intentional actions to evade service."  Travelers Cas.
15 & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135–36 (9th Cir. 2009).

16      California Code of Civil Procedure section §413.30 states that "[w]here no provision is
17 made in this chapter or other law for the service of summons, the court in which the action is
18 pending may direct that summons be served in a maimer which is reasonably calculated to give
19 actual notice to the party to be served."  "Ninth Circuit law dictates that alternative means of
20 service are permissible pursuant to Rule 4(e)(1) and Cal. Code Civ. Proc. § 413.30 when
21 plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed."
22 Morton v. Twitter, Inc., 2022 WL 19569525, at * 1, 2022 U.S. Dist. LEXIS 229112 (C.D. Cal.
23 Dec. 20, 2022).

### IV.     Discussion

25      It is indisputable that if defendant was in fact the person physically present at the
26 residence on March 29, 2025, then service was fully effective on that date.  It is also clear to the
27 undersigned that the process server reasonably concluded that the person she had encountered on
28 March 23 had been defendant, and her sworn statement that she encountered the same person on

4

March 29 supports the adequacy of service. Defendant, however, has flatly averred that he was not there.

The existence of these contradictory sworn statements would typically require an evidentiary hearing and credibility determinations. In this case, having the parties and the process server travel to Sacramento from Southern California to give testimony would be a waste of the parties' time and money and of scarce judicial resources.[3]  Even if the court found that service had been ineffective, it would permit plaintiff to cure the defect and grant additional time to do so if necessary. See Fed. R. Civ. P. 4(m) (period for service may be extended by court for good cause). Good cause is present because plaintiff made diligent and good faith efforts to effect service, and reasonably believed effective service had been accomplished. Even if the process server was mistaken as to the identity of the person who refused service on March 25, that would not result in dismissal of the case. It would merely result in re-service. Defendant, who has actual notice of this lawsuit and has been granted permission to e-file, could not possibly be prejudiced by such an outcome. To the contrary, he has affirmatively provided plaintiff and the court with confirmed contact information which can be used to ensure effective (though possibly redundant) service.

At the hearing, plaintiff moved orally for alternative service, and the parties discussed the possibility of service by email. Although defendant did not expressly object to that method,[4] neither did he affirmatively consent. Upon further consideration, the court declines to authorize service by email at this time. See Oh My Green, Inc. v. Cuffe, 2020 U.S. Dist. LEXIS 1070 at *3-5 (C.D. Cal., March 20, 2020) (finding email service not authorized by Cal. Code Civ. Proc. § 413.30 where other options for service exist). Rather, plaintiff will be directed to serve the summons and complaint by mail pursuant to Cal. Cal. Code Civ. Proc. § 415.30 at the address listed on the docket for defendant. This method of service will not impose more than de minimus

---

[3] The undersigned does not conduct evidentiary proceedings via teleconferencing when witness credibility is at issue.

[4] Defendant's reply brief opposed giving plaintiff an additional opportunity for service. Without waiving that objection, he acknowledged at hearing that the court had the authority to permit reservice.

1  costs on plaintiff, and its efficacy will not be subject to reasonable dispute by defendant.[5]

2  Defendant is informed that service by mail pursuant to Cal. Cal. Code Civ. Proc. § 415.30
3  will include an Acknowledgement of Receipt of Summons that he is obligated to sign and return.
4  Failure to do so will result in defendant being liable for the costs of service by other means.  Cal.
5  Code Civ. Proc. § 415.30(d).

6  Because the complaint was filed on March 18, 2025, the 90-day period for service under
7  Rule 4 of the Federal Rules of Civil Procedure remains open.  However, because Cal. Code Civ.
8  Proc. § 415.30(d) provides up to 20 days for defendant to return the Acknowledgement of Receipt
9  of Summons, and service is deemed complete on the date the Acknowledgement is executed, see
10 § 415.30(c) & (d), a 30-day extension of time for service will be granted.

### V.    Scheduling

12 The undersigned will hold a scheduling conference on the papers, without oral argument,
13 on August 8, 2025.  Federal Rule of Civil Procedure 26(f) requires parties to meet and confer at
14 least 21 days before this date.  The parties shall submit a joint scheduling report to the court no
15 later than July 28, 2025, which contains all of the following information:

16     a.  Possible joinder of additional parties;
17     b.  Any expected or desired amendment of the pleadings;
18     c.  Jurisdiction and venue;
19     d.  Anticipated motions and their scheduling;
20     e.  The report required by Federal Rule of Civil Procedure 26 outlining the proposed
21 discovery plan and its scheduling, including disclosure of expert witnesses;
22     f.  Future proceedings, including setting appropriate cut−off dates for discovery and law and
23 motion, and the scheduling of a pretrial conference and trial;
24     g.  Special procedures, if any;
25     h.  Estimated trial time;

---

[5] Under the Local Rules of this court, the address provided by defendant and listed on the docket is presumed correct.  During the course of litigation, service of documents at this address is fully effective as a matter of law even if plaintiff has moved and failed to update his address with the court.  See E.D. Cal. Local Rules 182(f), 183(b).

6

i. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

j. Whether the case is related to any other cases, including bankruptcy;

k. Whether a settlement conference should be scheduled;

l. Any other matters that may add to the just and expeditious disposition of this matter.

### VI. Conclusion

For all the reasons explained above, it is HEREBY ORDERED as follows:

1. Defendant's motion to quash service of process (ECF No. 10) is DENIED;
2. Pursuant to Rule 4(m), Fed. R. Civ. Proc., the time for service of the summons and complaint is extended by 30 days. Plaintiff shall serve defendant by mail at the address listed on the docket, pursuant to Cal. Code Civ. Proc. § 415.30;
3. Plaintiff's oral motion for alternative service (ECF No. 17) is DENIED AS MOOT;
4. The parties shall file a joint statement regarding the scheduling of this case, as described above, no later than July 28, 2025.

DATED: May 30, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE