UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Omid Aghazadeh,
Defendant,

v.

Mark Aussieker,
Plaintiff.

Case No. 2:25-cv-00888 TLN AC

# NOTICE OF MOTION AND/OR MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that Defendant Omid Aghazadeh hereby moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In the alternative, Defendant moves to strike Plaintiff's class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). This motion is based on the grounds that:

1. The Complaint fails to allege sufficient facts to state a plausible claim for relief under the Telephone Consumer Protection Act (TCPA);

2. The alleged message does not qualify as a "telephone solicitation" under the TCPA or federal Do Not Call regulations;

3. Plaintiff's class allegations are facially deficient, overly broad, and unsupported by facts that satisfy Rule 23 requirements;

4. Plaintiff has demonstrated an improper purpose and lack of typicality that disqualifies him from serving as a class representative.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, all pleadings and papers on file, and any oral argument permitted at hearing.

Dated: June 11, 2025
Respectfully submitted,

Omid Aghazadeh
Pro Se Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit should be dismissed. Plaintiff's Complaint fails to plead sufficient facts to state a claim under the TCPA. The message at issue, by Plaintiff's own admission and the attached text exchange, sought to *buy* real estate—not to promote the sale of goods or services—and therefore does not qualify as a solicitation under federal law. Additionally, Plaintiff's attempt to certify a nationwide class is fatally flawed. Plaintiff is a licensed real estate broker who has admitted in writing that he is pursuing litigation to stop economic competition in markets that "hurt" him. This destroys his adequacy and typicality as a class representative.

To the extent Plaintiff's Complaint challenges Defendant's expression of interest in purchasing real estate, it also implicates commercial speech protected under the First Amendment.*

*See Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York, 447 U.S. 557 (1980).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. To survive dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts may also strike class allegations at the pleading stage when it is clear they cannot be certified. Fed. R. Civ. P. 12(f); 23(d)(1)(D). See also *Stoutt v. Travis Credit Union*, 2021 WL 5565339 (E.D. Cal. Nov. 29, 2021) (emphasizing the importance of strict statutory interpretation in TCPA matters).

## III. ARGUMENT

### A. Plaintiff Fails to Allege a TCPA Violation Despite Receiving a Message

The messages exchanged between Plaintiff and a third-party identifying as "Natalie with Yuna Homes" include no offer to sell goods or services. Rather, they inquire whether Plaintiff is open to receiving a cash offer for a property. The TCPA defines a "telephone solicitation" as communication made to encourage the *purchase or rental of, or investment in,* property, goods, or services. 47 C.F.R. §64.1200(f)(15). Here, the message sought to **buy** property, not to sell or promote a service, and therefore falls outside the TCPA's solicitation scope.

This reading is consistent with recent federal authority. In Coffey v. Fast Easy Offer, 2025 WL 1591302 (D. Ariz. June 5, 2025), the U.S. District Court for the District of Arizona dismissed a TCPA complaint where the defendant sent a cold text message to a property owner offering to purchase the property. The court held that such a message did not qualify as a "telephone solicitation" under the TCPA's DNC rules, because it did not encourage the recipient to make a purchase or investment. The court dismissed the case with prejudice, applying a straightforward, textual interpretation of the statute — a rationale that this Court should adopt here as well.

Other federal courts have reached the same conclusion. In *Jance v. Homerun Offer LLC*, 2021 WL 878061 (D. Ariz. Mar. 9, 2021), the court dismissed a TCPA DNC claim based on a message offering to purchase a home, holding that such an offer does not constitute a telephone solicitation. Similarly, in *Hunsinger v. Alpha Cash Buyers LLC*, 2023 WL 2377485 (N.D. Tex. Mar. 6, 2023), the court rejected a TCPA claim arising from a message inquiring about buying property. These cases confirm that messages seeking to **buy** real estate do not trigger the TCPA's DNC provisions.

This principle is further reinforced by *Stoutt v. Travis Credit Union*, 2021 WL 5565339 (E.D. Cal. Nov. 29, 2021), where the Eastern District of California emphasized the need to interpret the TCPA based on its plain statutory text rather than perceived consumer policy preferences.

Furthermore, the message did not promote any product or service, and contained no links or solicitations. It was a single, inquiry asking whether Plaintiff was open to discussing a potential real estate purchase.

Plaintiff responded voluntarily and affirmatively. Over the course of the exchange, he continued the dialogue, answered follow-up questions, and ultimately requested a phone call to discuss the property further. At no point did Plaintiff express that the message was unwanted or ask for the communication to cease.

Only after an extended back-and-forth did Plaintiff suddenly claim a TCPA violation and demand $15,000 in payment. Screenshots of the full exchange are attached as Exhibit A. This sequence of events contradicts any claim of harm or unwanted solicitation and further supports dismissal.[1]

Moreover, Plaintiff does not allege he incurred any monetary loss, disruption, or specific harm as a result of the message. His voluntary engagement and provision of a callback number further undermine any claim of intrusion or annoyance. The absence of any concrete injury illustrates that this case is opportunistic in nature, not grounded in genuine consumer harm.

See also *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), reaffirming that the TCPA must be interpreted according to its plain language and not expanded by policy-based assumptions.

### B. The Message Is Not a "Telephone Solicitation" Under Federal Law

The FCC defines "telephone solicitation" as a call "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 CFR §64.1200(f)(15). Courts have repeatedly held that asking a homeowner if they would sell their property does **not** constitute solicitation. See *Luna v. Shac, LLC*, No. 14-cv-00607, 2014 WL 3421514 (N.D. Cal. July 14, 2014). Plaintiff admits in his own email that the message at issue sought interest in *buying* real estate, not selling services.

### C. The Class Allegations Should Be Stricken

Plaintiff's class claims are facially defective:

- No common message or content is alleged.

- No facts are pled showing numerosity, commonality, or ascertainability.

- Plaintiff has not shown he is typical of the class.

Worse, Plaintiff is a **licensed real estate broker** who competes in the same geographic markets. In an email dated January 6, 2025, Plaintiff wrote, "I will be seeking an injunction… where it hurts me." This is an admission that his alleged injury is **economic**, not based on privacy or consumer harm. Courts routinely reject class claims where the named plaintiff has a **competitive motive**, as such individuals are not adequate or typical representatives. See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).

Courts also routinely strike class allegations at the pleading stage where the plaintiff cannot meet the basic elements of Rule 23. See, e.g., *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (affirming strike of class allegations where factual development showed individual issues predominated); *Wright v. Family Dollar, Inc.*, No. 10 C 441, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) (granting motion to strike class allegations under Rule 12(f)).

[1] Plaintiff may attempt to rely on a social media post where Defendant referenced sending 25,000 messages per day. That statement was generalized, promotional in nature, and taken out of context. It was designed for branding visibility and does not reflect the actual content, purpose, or recipient behavior of the communication at issue in this case. The message Plaintiff received must be evaluated on its own merit — not based on marketing hyperbole.

### D. Plaintiff's Improper Motive Undermines the Integrity of This Action

Plaintiff's emails and text messages further show improper litigation pressure and a retaliatory intent:

- He threatened to refile in superior court to impose attorney costs.

- He asked Defendant to name another company responsible, suggesting speculative filing.

- He made a direct monetary demand in the text exchange: "You owe me $15,000… Please pay."

- He sent pre-litigation emails indicating a desire to retaliate due to perceived competition.

Exhibit B contains copies of Plaintiff's pre-suit emails that reflect this retaliatory tone, speculative theories, and personal attacks. These emails further corroborate that this lawsuit is being used to burden a perceived business competitor.

Defendant attempted to resolve this matter early and in good faith. Prior to filing this motion, Defendant engaged with Plaintiff's counsel to explore a reasonable, confidential settlement. However, Plaintiff's demands were disproportionately high in light of the nature of the communication, and no resolution was reached. Defendant therefore had no option but to seek judicial intervention.

Defendant further notes that, under Rule 11 of the Federal Rules of Civil Procedure, attorneys and parties are expected to investigate the factual and legal basis for their claims before filing suit. Given the lack of legal merit in the claim as pleaded—especially in light of *Coffey v. Fast Easy Offer*, 2025 WL 1591302 (D. Ariz. June 5, 2025)—and the documented retaliatory tone and tactics employed pre-suit, Plaintiff and his counsel may ultimately risk exposure to Rule 11 scrutiny should this litigation proceed in bad faith.

Such behavior suggests the Complaint is being used as a tool of harassment or economic suppression, not legitimate consumer protection.

**E. CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint with prejudice. In the alternative, and pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D), the Court should strike Plaintiff's class allegations in their entirety.

Dated: June 11, 2025
Respectfully submitted,

Omid Aghazadeh
Pro Se Defendant