UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Omid Aghazadeh,
Defendant,

v.

Mark Aussieker,
Plaintiff.

Case No. 2:25-cv-00888 TLN AC

# DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY AND ALL RULE 26 OBLIGATIONS

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that Defendant Omid Aghazadeh hereby moves this Court for an order staying all discovery, including the Rule 26(f) conference, initial disclosures under Rule 26(a), and any associated Rule 26 scheduling obligations, pending resolution of Defendant's concurrently filed Motion to Dismiss and Strike Class Allegations.

This Motion is based on the following grounds:

1. The pending Motion to Dismiss is potentially dispositive and, if granted, would eliminate the need for discovery.

2. Proceeding with discovery at this stage would impose unnecessary burden and expense on the parties and the Court.

3. Defendant has acted in good faith by seeking an extension of the joint scheduling report, which the Court granted (ECF No. 21), and now seeks to pause Rule 26 obligations until a ruling on the pending motion.

4. Defendant recently received formal service (POS-015) and informal settlement discussions have concluded without resolution. This change in litigation posture required Defendant to take prompt procedural action, including filing the Motion to Dismiss and this Motion to Stay. These actions are not intended to delay the process, but are instead a direct response to new procedural developments.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Omid Aghazadeh, all other filings in this case, and any argument the Court may hear.

DATED: June 11, 2025

Respectfully submitted,

Omid Aghazadeh
 Pro Se Defendant

---

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Defendant respectfully requests a stay of all discovery obligations, including the Rule 26(f) conference, initial disclosures under Rule 26(a)(1), and related scheduling requirements under Rule 26, pending resolution of his Motion to Dismiss and Strike Class Allegations. The relief requested is narrowly tailored to conserve judicial and party resources and prevent unnecessary burdens while a potentially case-dispositive motion is under review. Defendant also recently received formal service and confirmed that settlement discussions would not proceed, which necessitated a change in litigation strategy.

II. LEGAL STANDARD

Courts have broad discretion to stay discovery when a dispositive motion is pending. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("A district court has wide discretion in controlling discovery."); *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (staying discovery pending motion to dismiss).

A stay is appropriate where:

1. The pending motion may resolve the entire action or significantly narrow the issues;

2. Discovery would be unnecessarily burdensome or costly;

3. No prejudice will result from a brief pause in discovery.

III. ARGUMENT

A. The Motion to Dismiss is Case-Dispositive

Defendant has filed a detailed Motion to Dismiss and Strike Class Allegations, supported by legal authority and documentation. If granted, the motion would dispose of the case in its entirety or eliminate the class claims. Proceeding with discovery now—especially broad class discovery—would be inefficient and premature.

As additional support, Defendant notes that the U.S. District Court for the District of Arizona recently dismissed a nearly identical TCPA action in Coffey v. Fast Easy Offer, 2025 WL 1591302 (D. Ariz. June 5, 2025). There, the court held that unsolicited texts offering to purchase a consumer's property did not qualify as "telephone solicitations" under the TCPA's Do Not Call rules. The court dismissed the case with prejudice, emphasizing that the statute applies only to communications encouraging a purchase or investment — not inquiries to buy property. This recent federal authority further supports the dispositive nature of Defendant's pending Motion to Dismiss.

B. Discovery Would Impose Undue Burden Without Advancing the Case

Plaintiff's counsel has already signaled an intent to proceed aggressively with subpoenas and data requests. Imposing discovery obligations while the Court evaluates whether this case should proceed at all would create avoidable cost, burden, and distraction.

C. No Prejudice Will Result From a Stay

The Court has already extended the deadline for the joint scheduling report to August 12, 2025 (ECF No. 21), giving the parties ample time. Staying Rule 26 obligations and the 26(f) conference during the motion's pendency aligns with that extension. If the motion is denied, the parties can promptly schedule a Rule 26(f) conference and proceed with discovery.

Moreover, Defendant notes that the Court granted his request to extend the joint scheduling report deadline in part due to a previously scheduled vacation in late July. This Motion to Stay is unrelated to that extension and is submitted purely to avoid unnecessary cost and burden during the pendency of a dispositive motion. Defendant makes this clarification to maintain transparency and avoid any misperception that this motion is intended to delay proceedings for personal convenience.

Additionally, Defendant recently received formal service and confirmation that informal settlement discussions would not proceed. These events necessitated a shift in litigation strategy and triggered Defendant's decision to pursue procedural defenses, including the filing of the Motion to Dismiss and this Motion to Stay.

IV. CONCLUSION

For the reasons above, Defendant respectfully requests that the Court stay all discovery and Rule 26 obligations—including the conference, initial disclosures, and any related scheduling deadlines—pending resolution of Defendant's Motion to Dismiss.

DATED: June 11, 2025

Respectfully submitted,


Omid Aghazadeh
 Pro Se Defendant