UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Omid Aghazadeh,
Defendant,

v.

Mark Aussieker,
Plaintiff.

Case No. 2:25-cv-00888 TLN AC

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND RULE 26 OBLIGATIONS

## I. INTRODUCTION

This Court should stay discovery and defer Rule 26 obligations until the threshold legal question of whether the text message at issue constitutes a "telephone solicitation" under the TCPA is resolved. Plaintiff's opposition relies not on the content of the message he received, but on speculative allegations about Defendant's broader business activity. The actual message — a brief inquiry into whether Plaintiff was open to selling his property — did not advertise or promote any goods or services to Plaintiff.

Because the motion to dismiss raises a pure question of law that, if granted, will dispose of the case in full, a stay is both proper and efficient. Plaintiff has not demonstrated any specific prejudice that would result from staying discovery for a short time while the Court adjudicates that motion.

## II. A STAY IS WARRANTED PENDING RESOLUTION OF THE MOTION TO DISMISS

Courts in the Ninth Circuit routinely stay discovery when a pending motion to dismiss could resolve the entire case. See *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (*"When a pending motion may dispose of the entire case on the pleadings, discovery should be stayed."*). This approach preserves judicial resources and protects parties from premature burdens.

As further recognized in *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995), speculative and conclusory claims of prejudice are insufficient to defeat a discovery stay where a dispositive legal motion is pending. That principle applies here. The motion to dismiss presents a pure legal issue: whether a one-time text message asking if Plaintiff was open to selling property constitutes a "telephone solicitation" under the TCPA.

Plaintiff received one text message. That message simply asked if he was open to selling property. It did not contain any reference to a good, service, financial commitment, or third-party involvement. Regardless of Plaintiff's characterization of Defendant's business model or downstream intentions,

the message itself is the only relevant basis for TCPA liability. See Coffey v. Fast Easy Offer LLC, 2025 WL 1591302 (D. Ariz.); Jance v. Homerun Offer LLC, 2021 WL 878061 (D. Ariz.).

The Court can, and should, resolve this dispositive legal issue before opening the door to burdensome class discovery. Plaintiff offers no compelling reason not to.

The Ninth Circuit has long affirmed that district courts may stay discovery where a plaintiff is unlikely to state a claim. See *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). Likewise, courts in this District routinely apply a two-prong standard and grant stays where a dispositive motion is pending and no discovery is needed to resolve it. See, e.g., *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). This case easily satisfies both prongs.

Rule 26(c)(1) expressly authorizes this Court to stay discovery for good cause to protect a party from "undue burden or expense." Here, good cause exists because Defendant—a solo real estate investor with only part-time virtual assistants and no in-house staff—would face a wildly disproportionate burden if forced to engage in broad class discovery at this stage. Unlike a large company with dedicated discovery personnel, Defendant would have to personally devote extensive time and expense to locate, review, and produce documents and data. Such demands on a one-person operation are unreasonable when a prompt legal ruling may dispose of the entire case. This substantial hardship is exactly the kind of undue burden Rule 26(c) was designed to alleviate.

Moreover, courts have repeatedly recognized that discovery should be deferred when a dispositive motion raises a purely legal issue. In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), the Eleventh Circuit explained that "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss for failure to state a claim, should… be resolved before discovery begins," because such disputes "always present a purely legal question." Likewise, the Supreme Court has emphasized that a plaintiff must plead a plausible claim before subjecting a defendant to the burdens of discovery. In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007), the Court warned of the "potentially enormous expense of discovery" and cautioned that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases." In *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), the Court held that a plaintiff whose complaint fails to state a plausible claim is "not entitled to discovery, cabined or otherwise."

These authorities reinforce that when—as here—a pending motion may dispose of the case based solely on the pleadings and statutory interpretation, discovery should be paused until that threshold legal issue is resolved.

### III. PLAINTIFF IDENTIFIES NO CONCRETE PREJUDICE FROM A BRIEF STAY

Plaintiff's speculative claims of prejudice ring hollow. Defendant has taken concrete steps to ensure that all relevant text message records and associated communications are being preserved, eliminating any risk of evidentiary loss during a brief stay. Plaintiff has not identified a single document or piece of data in danger of dissipation. In short, there is no tangible prejudice to Plaintiff from a short delay, whereas denying the stay would saddle Defendant with onerous and

potentially unnecessary discovery obligations. The prudent course is to maintain the status quo—preserving all evidence and postponing costly discovery—until the Court determines whether Plaintiff's claim survives the motion to dismiss.

## IV. CLASS DISCOVERY WOULD BE PARTICULARLY BURDENSOME AND UNNECESSARY

The class allegations in this case are speculative and unsupported by any factual details. Plaintiff alleges no facts showing that Defendant sent similar messages to others, no volume or frequency, and no common content. Yet he seeks discovery of potentially broad scope on that basis.

Class discovery at this stage would likely involve extensive document searches, record compilations, and data review regarding contacts — all of which will be moot if the Court grants the motion to dismiss.

Given the procedural posture, and the early stage of the case, a full stay of discovery is appropriate. Alternatively, the Court may stay class discovery while allowing limited individual discovery to proceed, if it deems that necessary. Defendant will comply with any tailored structure the Court may impose but respectfully submits that a full stay is most efficient.

## V. PLAINTIFF'S MOTIVES FURTHER SUPPORT THE NEED FOR A STAY

The circumstances surrounding Plaintiff's filing further counsel in favor of a cautious and deliberate approach. Plaintiff responded affirmatively to the message, provided his availability for a call, and never opted out. Only after this exchange did Plaintiff issue a $15,000 demand and request Do-Not-Call compliance documentation.

Such conduct raises reasonable concerns that the action may be driven by leverage considerations rather than genuine consumer protection, which further cautions against burdening the parties and the Court with expansive discovery at this stage. Courts have expressed concern in similar circumstances. See Hernandez v. Path, Inc., 2014 WL 1724766, at *4 (N.D. Cal. Apr. 29, 2014) (dismissing TCPA suit where pleadings suggested settlement leverage rather than injury).

Where the initial message was minimal and Plaintiff did not suffer meaningful harm, burdening the parties with full-scale discovery in pursuit of questionable class claims is unjustified.

## VI. CONCLUSION

Defendant respectfully requests that the Court stay all discovery and defer Rule 26 obligations until the Court resolves the pending Motion to Dismiss. Plaintiff has not demonstrated any concrete need for discovery at this time, and proceeding now would impose substantial burden and inefficiency.

A brief stay also promotes the "just, speedy, and inexpensive" resolution of this action under Rule 1, particularly given that Defendant is pro se and would face disproportionate burdens from premature class discovery.

Respectfully submitted,

Omid Aghazadeh
Pro Se Defendant
Dated: July 2, 2025