UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Mark Aussieker,
Plaintiff,

v.

Omid Aghazadeh,
Defendant.

Case No. 2:25-cv-00888-TLN-AC (PS)

# DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS (ECF No. 36)

**INTRODUCTION AND REQUESTED RELIEF**

Plaintiff filed objections (ECF No. 36) to the Magistrate Judge's Findings and Recommendations ("F&Rs," ECF No. 33), which recommend granting Defendant's Rule 12(b)(6) motion and closing this case. The objections attempt to re-plead the claim by adding new gloss—arguing that words like "options," "proposal," and "investors" show a disguised services solicitation—and by urging a purpose-based, fact-intensive inquiry.

The Court should overrule the objections and adopt the F&Rs in full. The statutory definition of "telephone solicitation" turns on whether the called party is encouraged to purchase, rent, or invest. See 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). The message alleged in the complaint does not invite Plaintiff to buy, enroll, or pay for anything; it asks whether he would sell his property. As the F&Rs correctly recognize—relying on decisions such as Coffey v. Fast Easy Offer and Jance v. Homerun Offer—buy-side inquiries are not "telephone solicitations" because the recipient is not being encouraged to purchase, rent, or invest in anything.

**I. RULE 72(b) STANDARD AND SCOPE OF REVIEW**

De novo review extends only to those portions of the F&Rs to which specific objection is made. See Thomas v. Arn, 474 U.S. 140 (1985) *(district court may adopt magistrate judge's recommendations without de novo review where no timely, specific objections are filed)*; United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) *(no obligation to review unobjected portions)*. Objections are not a vehicle to amend the complaint or inject new facts at the Rule 12(b)(6) stage; review is confined to the four corners of the operative pleading. Any

attempt to relabel the facts or introduce new materials—such as additional marketing context, social media evidence, or intent-based theories—exceeds the scope of Rule 72(b) review and should be disregarded. Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). *(party cannot amend the complaint through briefs; review confined to the pleadings)*.

Twombly and Iqbal require plausibility; where the statute and the words alleged in the complaint do not match, dismissal is required. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

## II. PLAINTIFF'S OBJECTIONS RELY ON NEW MATTER THAT CANNOT SALVAGE THE PLEADINGS

Plaintiff's objections attempt to recast the message by adding extra-record context (e.g., allegations about "wholesaling," "brokerage," and state licensing). That is improper at this stage and should be disregarded. Schneider, 151 F.3d at 1197 n.1. The F&Rs correctly declined to consider extra-record material and treated state-law licensing assertions as unrelated to the federal TCPA claim. The district judge should do the same on de novo review.

## III. THE ALLEGED MESSAGE IS NOT A § 227(c) "TELEPHONE SOLICITATION"

The DNC provisions are content-focused: a "telephone solicitation" is a call or message "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). Each listed verb describes an outlay by the recipient. Here, there is no suggestion of a listing agreement, commission, service enrollment, subscription, or any monetary outlay by Plaintiff. Read in context, the message asks whether Plaintiff is open to discussing a sale of his property to Defendant; it contains no invitation for Plaintiff to purchase, rent, invest, subscribe, or enroll. That is precisely what the F&Rs conclude: "An offer to buy simply does not fall within the statutory definition of 'solicitation' …" *(F&Rs at 6)*, and allegations regarding unlicensed practice are "unrelated to the TCPA claim" *(F&Rs at 7)*. The phrases 'options' and 'proposal' in the alleged message, fairly read, describe only potential terms of a purchase by Defendant—not any product or service Plaintiff was invited to buy or pay for. Word choice cannot convert a buy-side inquiry into a telephone solicitation under §227(c).

Courts addressing materially identical messages have held they are not "telephone solicitations" under § 227(c). See, e.g., Coffey v. Fast Easy Offer (as relied on by the F&Rs) (holding that even if the caller sought to profit downstream, "the ultimate result would not ever require Plaintiff to purchase … any goods or services"); Jance v. Homerun Offer (same result). The Ninth Circuit's decision in Chesbro v. Best Buy, 705 F.3d 913 (9th Cir. 2012), is not to the contrary, because those calls urged the consumer to enroll in a paid rewards or service program—that is, to spend money.

### IV. PLAINTIFF'S "WHOLESALER/BROKER SERVICES" THEORY DOES NOT CHANGE THE ANALYSIS

Labeling the sender a "wholesaler" or invoking state licensing does not convert a buy-side inquiry into a solicitation of the recipient's purchase or enrollment. The content alleged still invites no purchase, rental, or investment by Plaintiff. And even accepting Plaintiff's premise that the caller hoped to profit downstream, Coffey explains why § 227(c) still does not apply: "the ultimate result would not ever require Plaintiff to purchase … any goods or services." Even if Defendant later profits from assigning a contract, Plaintiff himself is never asked to purchase, invest, or pay for any service. The statute turns on the called party's expenditure, not the caller's profit model; Plaintiff pays nothing, so there is no solicitation within the meaning of §227(a)(4). The F&Rs properly treat any licensing allegations as unrelated to the TCPA claim and, in any event, such allegations cannot change the content of the message pleaded.

### V. LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

Plaintiff's Objections preview additional allegations about Defendant's business practices, marketing, and intent—but these assertions merely expand on facts already outlined in the complaint and briefing. The Magistrate considered this same context, yet correctly concluded that the alleged message still falls outside the scope of § 227(c) as a matter of law.

This is a legal mismatch, not a curable factual gap. No amendment can change the content of the message alleged or the statute's recipient-spending focus. See Iqbal, 556 U.S. at 678. Plaintiff's proposed pivots (e.g., recasting intent, adding licensing allegations, or gesturing toward a California UCL claim) do not cure the federal defect and would raise separate standing and equitable-relief barriers. Dismissal with prejudice is warranted.

### VI. ALTERNATIVE RELIEF (ONLY IF ANY CLAIM SURVIVES)

If any claim were to proceed, the Court should strike class allegations because individual consent, do-not-call status, and message content issues would predominate. See Pilgrim v. Universal Health Card, LLC, 660 F.3d 943 (6th Cir. 2011); Kamm v. California City Dev. Co., 509 F.2d 205 (9th Cir. 1975); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935 (9th Cir. 2009).

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court: (1) overrule Plaintiff's Objections (ECF No. 36); (2) adopt the F&Rs (ECF No. 33) in full; (3) grant Defendant's motion to dismiss; and (4) deny leave to amend as futile and dismiss the action with prejudice.
In the alternative, if any claim survives, Defendant respectfully requests that the Court strike the class allegations under Rule 23(d)(1)(D).

Dated: August 26, 2025

Respectfully submitted,

/s/ Omid Aghazadeh

Omid Aghazadeh

Defendant, Pro Se

## Certificate of Service

I certify that on **August 26, 2025**, I filed the foregoing via CM/ECF, which will send notice to all counsel of record.

 /s/ **Omid Aghazadeh**