Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Local Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK AUSSIEKER**, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00888-TLN-AC |
| *Plaintiff,* | |
| v. | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY TO OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |
| **OMID AGHAZADEH d/b/a "GOLDEN CAPITAL HOLDINGS"** | |
| *Defendant.* | |

Plaintiff Mark Aussieker respectfully submits this Notice of Supplemental Authority to advise the Court of a recent, controlling decision of the United States Court of Appeals for the Ninth Circuit that bears directly on Plaintiff's pending Objections (ECF No. 36) to Magistrate Judge Claire's Findings and Recommendations (ECF No. 33), which remain outstanding before this Court. In *Coffey v. Fast Easy Offer, LLC*, --- F.4th ----, 2026 WL 1614175 (9th Cir. June 4, 2026), the Ninth Circuit reversed the very District of Arizona decision on which the Findings and Recommendations principally relied, *Coffey v. Fast Easy Offer LLC*, No. 24-cv-02725-PHX-SPL, 2025 WL 1591302 (D. Ariz. June 5, 2025). A copy of the Ninth Circuit's decision is attached as Exhibit 1.

The Ninth Circuit reversed the dismissal in *Coffey* and held that the plaintiff adequately pleaded that the calls and texts qualified as "telephone solicitations" under 47 U.S.C. § 227(a)(4). The Ninth Circuit's reasoning rested on three grounds. *First*, is reasoned that the statutory "purpose" inquiry attaches to the *initiation* of the call or message, not merely its literal content. The defendants' contrary reading, that the words of the message must themselves reveal an intent to sell to the recipient, would render "the initiation of" superfluous, so the court must consider the *context* that illuminates the caller's purpose. *Second*, following *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012), cited by Plaintiff, neither the statute nor the FCC's regulations require an explicit mention of a good or service where the implication is clear from context. *Third*, crediting the complaint's allegations as true, the court held that one purpose of initiating the messages was to encourage the purchase of real estate brokerage services and that a single such purpose "is enough to satisfy the statutory definition," even where the messages were framed as offers to buy and a purchase of brokerage services might never occur.

That holding maps directly onto, and undermines, the Findings and Recommendations. Magistrate Judge Claire found the now-reversed *Coffey* district court decision "persuasive" and adopted its rationale that an offer to buy is categorically not a telephone solicitation. The Findings and Recommendations further rejected, as "exactly the same as the argument made by Coffey," and as "correctly" "rejected by Judge Logan," Plaintiff's contention that Defendant's outreach was a solicitation of services from which Defendant profits. The Ninth Circuit reversed precisely that holding and that reasoning, confirming that the purpose inquiry is context-dependent and may not be resolved against the complaint at the pleading stage.

The Findings and Recommendations also concluded there was "no appreciable difference" between the messages here and those in *Coffey*. That equivalence now favors Plaintiff, because the Ninth Circuit held the materially identical *Coffey* messages plausibly *were* telephone solicitations. And Plaintiff's allegations are at least as strong. Plaintiff alleges Defendant operates an unlicensed real estate wholesaling and brokerage business, touts "options to sell" and connections to a "group of investors," and profits from contract assignment, resale, and brokerage services, mirroring the "real estate brokerage services" purpose the Ninth Circuit held sufficient. Under this controlling authority, the Court should decline to adopt the Findings and Recommendations and should deny the motion to dismiss.

Plaintiff respectfully requests that the Court consider this submission as further authority supporting his Objections and respectfully submits that the reasoning of the Ninth Circuit's decision should control here. For the foregoing reasons, the Court should overrule Magistrate Judge Claire's Findings and Recommendations and deny the Motion to Dismiss.

OBJECTIONS TO FINDINGS AND RECOMMENATIONS
*Aussieker v. Aghazadeh*

Dated: June 9, 2026

*s/Andrew Roman Perrong*
Andrew Roman Perrong (*Pro Hac Vice*)
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all parties of record on the case.


Dated: June 9, 2026

*s/Andrew Roman Perrong*
Andrew Roman Perrong
(*Pro Hac Vice*)
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

OBJECTIONS TO FINDINGS AND RECOMMENATIONS
*Aussieker v. Aghazadeh*