Omid Aghazadeh
*Pro Se Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-00888-TLN-AC |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 38)** |
| vs. | |
| OMID AGHAZADEH d/b/a "GOLDEN CAPITAL HOLDINGS" | |
| Defendant. | |

**INTRODUCTION**

Defendant Omid Aghazadeh respectfully requests leave to briefly respond to Plaintiff's Notice of Supplemental Authority (ECF No. 38), which brings to the Court's attention the Ninth Circuit's decision in *Coffey v. Fast Easy Offer, LLC*, No. 25-4066, 2026 WL 1614175 (9th Cir. June 4, 2026), and states as follows:

Defendant does not dispute that the Ninth Circuit's decision is now controlling authority that supersedes the District of Arizona decision on which the Findings and Recommendations relied. But the decision does not require denial of the motion to dismiss. *Coffey* did not hold that an unsolicited offer to buy a home, or a real-estate "wholesaling" message, is a "telephone solicitation." It held only that a complaint survives a motion to dismiss where it plausibly alleges that the recipient was solicited to *purchase services* and its holding rested on a specific factual allegation that has no counterpart in Plaintiff's complaint. The Ninth Circuit expressly reserved

-1-

the question this case actually presents, and the recipient-spending requirement on which it proceeded defeats the claim as pleaded.

## I.    Coffey did not disturb the requirement that a "telephone solicitation" encourage a purchase by the recipient.

The statute defines a "telephone solicitation" as a message initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). In *Coffey*, the parties agreed and the Ninth Circuit proceeded on the understanding that this language means encouraging a purchase *by the recipient* of the message, not a purchase *from the recipient*. *Coffey*, slip op. at 7 n.1 (citing *Hulce v. Zipongo Inc.*, 132 F.4th 493, 499 (7th Cir. 2025)). The court expressly declined to decide whether a message initiated for the purpose of encouraging a purchase *by the caller* and *from the recipient* would fall within the statute. *Id.* That is precisely the recipient-spending requirement the Findings and Recommendations applied, and *Coffey* left it intact.

## II.    Coffey's holding rested on a paying-client allegation that is absent here.

What allowed the *Coffey* complaint to survive was not the wording of its messages. It was a specific factual allegation: that the defendant directed "9 out of 10" consumers who responded into *traditional real estate brokerage representation*, such that those consumers became paying clients of the defendant or its affiliated brokerage. *Coffey*, slip op. at 9. On those allegations, the recipient was solicited to purchase a service—brokerage representation—and the court held that single purpose sufficient. *Id.* at 10.

Plaintiff's complaint contains no comparable allegation. Plaintiff does not allege that Defendant funnels homeowners into a brokerage where they become paying clients. Plaintiff alleges the opposite business model: that Defendant negotiates and drafts a contract to purchase the

-2-

RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
Aussieker v. Aghazadeh

homeowner's property and then assigns or resells that contract to investors for a spread, with the homeowner paying nothing and instead receiving the proceeds of a sale. See ECF No. 1 ¶¶ 27, 33–38; ECF No. 36 at 11–13. By Plaintiff's own framing, Defendant is compensated "through the eventual price paid for the contract" by a third-party investor not by any payment, fee, or enrollment by the homeowner. ECF No. 36 at 13. That is a purchase *from* the recipient: the precise scenario the *Coffey* panel reserved. *Coffey*, slip op. at 7 n.1; see also *id.* at 9 n.3 (declining to decide whether offers to buy a home are solicitations even where they bundle transactional services such as escrow and attorneys' fees).

**III.     Coffey declined to adopt the authority on which Plaintiff's theory depends.**

Plaintiff's services theory rests on the proposition that a fee effectively netted from a homeowner's sale proceeds is itself a "purchase" of services. Plaintiff's support for that proposition is a line of out-of-circuit and district-court cases, principally *McMorrow v. Core Properties, LLC* and *Cacho v. McCarthy & Kelly LLP*. See ECF No. 27 at 5–10; ECF No. 36 at 12–13. The *Coffey* panel was presented with the same "battle of the nonbinding authority" and expressly declined to engage it, resting its decision instead on the statute's plain text, *Chesbro*, and the complaint's well-pleaded brokerage-client allegations. *Coffey*, slip op. at 10 n.4. *Coffey* thus lends no support to Plaintiff's "effective fee" theory; if anything, the panel's refusal to rely on those cases confirms they are not controlling in this Circuit.

**IV.     The "no appreciable difference" finding does not aid Plaintiff.**

Plaintiff argues (ECF No. 38 at 2) that because the Findings and Recommendations found "no appreciable difference" between the messages here and those in *Coffey*, and because the *Coffey* messages are now actionable, the messages here must be actionable too. That does not follow. The Ninth Circuit did not hold that the *wording* of the *Coffey* messages made them solicitations.

RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
Aussieker v. Aghazadeh

To the contrary, it reaffirmed that message content need not, on its face, mention a good or service, and it looked *beyond* the messages to the extrinsic allegation that respondents became paying brokerage clients. *Coffey*, slip op. at 8–9; see *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). The equivalence of the messages' wording is therefore not what made the *Coffey* messages actionable, and it cannot make Plaintiff's messages actionable either. What made the difference in *Coffey* the paying-client allegation is exactly what Plaintiff's complaint lacks.

## V.    Plaintiff cannot supply the missing allegations through a notice of supplemental authority.

To the extent Plaintiff now contends that this case involves a *Coffey*-style scheme a named brokerage affiliate, a revenue-sharing arrangement, or a customer-conversion rate showing that recipients become paying brokerage clients those allegations do not appear in the operative complaint, and Plaintiff cannot add them through a notice of supplemental authority. At the Rule 12(b)(6) stage the Court tests the complaint as pleaded, and a party may not amend its pleading through briefing. See *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). If Plaintiff's theory depends on the brokerage-routing facts that drove the result in *Coffey*, those facts must be pleaded in the complaint not argued for the first time in ECF No. 38.

## VI.    At most, Coffey supplies the framework; applied here, the claim still fails.

Coffey establishes *how* the purpose inquiry is conducted; it does not establish that Plaintiff has stated a claim. Applying *Coffey*'s framework, the complaint alleges that Defendant sought to acquire Plaintiff's property, or a contract for its sale that is, that Defendant encouraged Plaintiff to *sell*, not to purchase, rent, invest in, enroll in, or pay for anything. Because the complaint does not plausibly allege that any message was initiated for the purpose of encouraging a purchase *by*

RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
Aussieker v. Aghazadeh

Plaintiff, it does not allege a "telephone solicitation," and the motion to dismiss should be granted. At minimum, the proper course is to evaluate the complaint under *Coffey*'s framework—not to treat *Coffey* as automatically establishing a claim Plaintiff has not pleaded. Defendant otherwise rests on his prior briefing. See ECF Nos. 22, 30, 37.

**CONCLUSION**

For these reasons, the Ninth Circuit's decision in *Coffey v. Fast Easy Offer, LLC* does not require denial of Defendant's motion to dismiss. Defendant respectfully requests that the Court grant the motion. In the alternative, if any claim survives, Defendant respectfully requests that the Court strike the class allegations under Rule 23(d)(1)(D), for the reasons stated in ECF Nos. 22 and 37.

Dated: June 10, 2026

      Respectfully submitted,

      /s/ Omid Aghazadeh
      Defendant, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on June 10, 2026, I filed the foregoing via CM/ECF, which will send notice to all counsel of record.

Dated: June 10, 2026

By: /s/ Omid Aghazadeh     

**Omid Aghazadeh**
*Pro Se Defendant*

RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
Aussieker v. Aghazadeh